# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In re: Shane M. Haffey,

                          Bankruptcy Case No. 3:19-bk-3711-JAB

Debtor.

_____/

SHANE HAFFEY,

        Appellant,

vs.                                  Case No. 5:21-cv-323-MMH

DEUTSCHE BANK COMPANY
AMERICAS,

        Appellee.

_____/

SHANE HAFFEY,

        Appellant,

vs.                                  Case No. 5:21-cv-324-MMH

DEUTSCHE BANK COMPANY
AMERICAS,

        Appellee.

_____/

# O R D E R

     **THIS CAUSE** is before the Court on a consolidated appeal from the

United States Bankruptcy Court for the Middle District of Florida, Jacksonville

Division.  Appellant Shane M. Haffey, proceeding pro se, appeals four orders of

the Bankruptcy Court: the May 4, 2021 Order Overruling Debtor's Amended Objection to Claim 3 (Doc. 3-2; Claim Order); the May 27, 2021 Order Denying Debtor's Motion to Reconsider Order Overruling Debtor's Amended Objection to Claim 3 Dated May 5, 2021 (Doc. 3-53; Order Denying Reconsideration of the Claim Order); the April 16, 2021 Order Granting Prospective Relief from the Automatic Stay (Doc. 3-46; Relief Order); and the May 28, 2021 Order Denying Debtor's Motion to Reconsider Under Rule 59 and Rule 60 the Court's Order Granting Prospective Relief from the Automatic Stay Doc. #154 Filed 4/19/21 (Doc. 3-54; Order Denying Reconsideration of the Relief Order).[1]  Haffey filed his initial brief on November 23, 2021.  See Appellant's Intitial [sic] Brief (Doc. 18; Initial Brief).  On December 30, 2021, Appellee Deutsche Bank Company Americas (Deutsche Bank) filed an answer.  See Appellee's Answer Brief (Doc. 24; Answer).[2]  Haffey then filed a reply on February 1, 2022.  See Appellant's Reply Brief (Doc. 28; Reply).[3]  Accordingly, this matter is ripe for review.

---

[1]  Unless otherwise noted, all docket citations are to items in Case No. 5:21-cv-323-MMH.

[2]  Because the Answer was timely filed, the Court will deny as moot Deutsche Bank's Motion for Extension of Time to File Responsive Brief (Doc. 21) and Motion to Supplement (Doc. 22).

[3]  The Court will grant Haffey's Motion for Extension of Time to File Reply Brief (Doc. 26), filed January 18, 2022, and accept the Reply as timely filed.

## I.    Background

On September 30, 2019, Haffey filed a voluntary petition in the Bankruptcy Court under Chapter 12 of the Bankruptcy Code.  See Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 3-6; Petition) at 3, 6.  After filing his bankruptcy petition, Haffey filed a proposed Chapter 12 Plan (Doc. 3-7; Proposed Plan).  In the Proposed Plan, Haffey noted that Deutsche Bank holds a secured claim on his farm property located at 3250 Delong Road, Lexington, Kentucky 40515 (Farm).  See id. at 3.  Deutsche Bank later filed a proof of claim for its interest in the Farm.  See Claim Order at 1–2.

### A.    Objection to the Proof of Claim

Haffey objected to the proof of claim, arguing that Deutsche Bank's "secured claim should be limited to the value of the collateral" because Deutsche Bank had not produced the promissory note or otherwise proven that Haffey was the obligor on the underlying mortgage or promissory note.  Amended Notice of Debtor's Objection to Proof of Claim 3 Filed by Deutsche Bank Trust Company (Doc. 3-17; Objection) at 2.  Haffey asked the Bankruptcy Court to deny the "unsecured Proof of Claim" as an "unjust and improper claim against" him.  Id.  In response, Deutsche Bank represented that the obligor on the promissory note is Haffey's wife, Heather McKeever Haffey (McKeever), and that Haffey executed the mortgage on the Farm.  See Response to Debtor's Amended Objection to Claim No. 3 (Doc. 3-27; Response to Objection) at 1.

Deutsche Bank also argued that <u>res judicata</u> bars Haffey's Objection because the validity of its mortgage on the Farm was established in prior cases. <u>See id.</u> at 1–2. Deutsche Bank attached to its Response to Objection a memorandum opinion from the United States Bankruptcy Court for the Eastern District of Kentucky. <u>See</u> Response to Objection, Ex. A (Doc. 3-28).[4] The Bankruptcy Court here conducted a trial on the matter and overruled the Objection on May 4, 2021. <u>See</u> Claim Order at 1. After discussing the bankruptcy litigation in Kentucky and explaining the relevant legal standard, the Bankruptcy Judge found that <u>res judicata</u> precluded Haffey's Objection and held that Deutsche Bank's claim "is allowed as a secured claim to the extent of the value of the [Farm]." <u>Id.</u> at 2–4.

Haffey filed a motion asking the Bankruptcy Court to reconsider its Claim Order. <u>See</u> Debtor's Motion to Reconsider <u>Sua Sponte</u> or Based on the Record Under Rule 3008, Rule 9023 (F.R.Civ.P. 59), Rule 9024 (F.R.Civ.P. 60), the Order Overruling Debtor's Amended Objection to Claim 3 Doc. #162 Filed 05/05/21 (Doc. 3-51; Motion to Reconsider the Claim Order). He argued that the Claim Order should have stated that the Bankruptcy Court agreed with Haffey's Objection because the Claim Order recognized only a secured claim for the value of the Farm. <u>See id.</u> at 3. Haffey did not ask the Bankruptcy Court

---

[4] This opinion is <u>Haffey v. Deutsche Bank Tr. Co. Ams. (In re Haffey)</u>, Adv. No. 14-5044, 2015 Bankr. LEXIS 317 (Bankr. E.D. Ky. Feb. 2, 2015).

to amend its finding that Deutsche Bank has a valid claim on the Farm.  <u>See</u> <u>id.</u> at 3.  The Bankruptcy Court denied Haffey's request for reconsideration.  <u>See</u> Order Denying Reconsideration of the Claim Order.  On June 7, 2021, Haffey timely filed a notice of appeal with respect to the Claim Order.  <u>See</u> Re-Notice of Appeal (Doc. 1-1).

### B.    Motion for Relief from Stay

On March 18, 2021, pursuant to 11 U.S.C. § 362(d)(1) and (4), Deutsche Bank moved for relief from the automatic stay imposed by the bankruptcy case as to the Farm.  <u>See</u> Motion for Prospective Relief from the Automatic Stay (3250 Delong Rd., Lexington, KY 40515) (Doc. 3-38; Relief Motion) at 1, 5. Deutsche Bank argued that Haffey and McKeever had initiated multiple bankruptcy, adversary, and appellate cases to frustrate its right to foreclose on the Farm.  <u>See</u> <u>id.</u> at 3.  Deutsche Bank asserted that these filings demonstrate that Haffey initiated the bankruptcy case here in bad faith.  <u>See</u> <u>id.</u>  According to Deutsche Bank, Haffey's bad faith provides cause for removing the protection of the automatic stay.  <u>See</u> <u>id.</u> at 3–5.  Deutsche Bank also asked the Bankruptcy Court to grant prospective relief for two years to exclude the Farm from any other automatic stay.  <u>See</u> <u>id.</u> at 5.  Deutsche Bank attached four exhibits to its Relief Motion.  Exhibit A contained a copy of the promissory note signed by McKeever, a copy of the mortgage executed by Haffey and McKeever, a certification that the mortgage was duly recorded in Kentucky, and records of

the mortgage's assignments.  See id. at 10–36.  Exhibit B included the payment history of the promissory note and an affidavit in which an employee of Deutsche Bank's mortgage servicer stated that the promissory note was in default.  See id. at 37–45.  Exhibit C was a judgment from the United States District Court for the Eastern District of Kentucky, establishing that Deutsche Bank was entitled to foreclose and sell the Farm.  See id. at 46–53.[5]  Exhibit D contained a memorandum opinion from the Bankruptcy Court for the Eastern District of Kentucky, which dismissed Haffey's previous attempt to file a Chapter 12 bankruptcy action.  See id. at 54–72.[6]

On the first page of the Relief Motion, Deutsche Bank placed a prominent notice titled, "Notice of Opportunity to Object and Request for Hearing."  Relief Motion at 1.  This notice—known as "negative notice"—stated that, pursuant to Rule 2002-4 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (Bankruptcy Local Rule(s)), the Bankruptcy Court would consider the Relief Motion without a hearing unless a party in interest filed a response within 21 days from the date of proof of service.  See Relief Motion at 1.  The notice warned, "If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested

---

[5]  For the opinion that accompanied this judgment, see Deutsche Bank Tr. Co. Ams. v. Haffey, No. CV 09-362-DLB, 2019 WL 3936438 (E.D. Ky. Aug. 20, 2019).

[6]  This opinion is In re Haffey, No. 14-50824, 2015 WL 3546975 (Bankr. E.D. Ky. June 5, 2015), aff'd, 576 B.R. 540 (B.A.P. 6th Cir. 2017).

in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested." Id. According to the certificate of service on the Relief Motion, Deutsche Bank's counsel mailed the motion on March 18, 2021, to Haffey at the address used in his Petition. See id. at 6; Petition at 2.

In the Relief Order signed on April 16, 2021, the Bankruptcy Judge granted the Relief Motion, finding that no response to the Relief Motion had been filed and that "a scheme to delay, hinder, and/or defraud [Deutsche Bank] has transpired." Relief Order at 1. The order released the Farm from the automatic stay to allow Deutsche Bank to pursue in rem remedies. See id. at 2. The Bankruptcy Court also granted prospective relief for two years from the date of the order's entry. See id. The order was not entered onto the docket until April 19, 2021. See Bankr. Docket (Doc. 3-5) at 8. Also on April 19, 2021, Haffey filed a response to the Relief Motion. See Response Objecting to Prospective Relief from Automatic Stay (Doc. 3-47; Response to the Relief Motion). Haffey requested an evidentiary hearing and asserted that the Relief Motion was not a type of motion allowed to be served with negative notice. See id. at 1.

After seeing the Relief Order, Haffey filed a motion on April 20, 2021, asking the Bankruptcy Court to reconsider its ruling. See Debtor's Motion to Reconsider Under Rule 59 and Rule 60 the Court's Order Granting Prospective

Relief from the Automatic Stay Doc. # 154 Filed 04/19/21 (Doc. 3-48; Motion to Reconsider the Relief Order).   In the Motion to Reconsider the Relief Order, Haffey asserted that his Response to the Relief Motion was timely filed. See id. at 2.   Haffey also largely repeated the arguments and allegations of the Response to the Relief Motion. See id. at 2–3.  Deutsche Bank responded to Haffey's Motion to Reconsider the Relief Order.   See Response to Debtor's Motion for Reconsideration Under Rule 59 and Rule 60 of the Court's Order Granting Prospective Relief from the Automatic Stay (Doc. 3-49).  On May 25, 2021, Haffey filed a reply, asserting—for the first time—that he had not been served with the Relief Motion.   See Debtor's Reply to Motion to Reconsider Under Rule 59 and Rule 60 the Court's Order Granting Prospective Relief from the Automatic Stay Doc. #154 Filed 04/19/21 and Verification of Lack of Service of Motion (Doc. 3-52) at 2.   After holding a hearing on May 26, 2021, the Bankruptcy Court denied the Motion to Reconsider the Relief Order. See Order Denying Reconsideration of the Relief Order at 1–2.   In doing so, the Bankruptcy Court stated that it had considered the arguments and the positions "as stated on the record of the hearing." See id. at 2. Unhappy with this outcome, Haffey filed a timely notice of appeal. See Notice of Appeal (Doc. 1-1 in Case No. 5:21-cv-324) at 1.

## II.    Standard of Review

This Court has jurisdiction to hear an appeal from a final judgment entered by the Bankruptcy Court.  See 28 U.S.C. § 158(a).  In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court but must accept a bankruptcy court's factual findings unless they are clearly erroneous.  See In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  The burden is on the appellant to show that the bankruptcy court's findings of fact are clearly erroneous.  See Griffin v. Mo. Pac. R.R. Co., 413 F.2d 9, 13 (5th Cir. 1969);[7] Ballato v. Ballato, 190 B.R. 447, 448 (M.D. Fla. 1995);[8] In re Fernandez, 132 B.R. 775, 778 (M.D. Fla. 1991). In addition, the Court may not make independent factual findings.  See In re JLJ Inc., 988 F.2d at 1116; In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome

---

[7]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[8]    While decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." <u>In re JLJ Inc.</u>, 988 F.2d at 1116.

The Court applies an abuse of discretion standard when reviewing a bankruptcy court's decisions to grant relief from an automatic stay and to allow or disallow a claim.  <u>See</u> <u>In re Bagwell</u>, 741 F. App'x 755, 758 (11th Cir. 2018) (per curiam);[9] <u>In re Dixie Broad., Inc.</u>, 871 F.2d 1023, 1026 (11th Cir. 1989); <u>Carnegia v. Ga. Higher Educ. Assistance Corp.</u>, 691 F.2d 482, 483 (11th Cir. 1982) (per curiam); <u>Nat'l Cap. Mgmt., LLC v. Herman</u>, No. 6:11-cv-9-ORL-28, 2011 WL 4531736, at *1 (M.D. Fla. Sept. 29, 2011).  The denial of a motion for reconsideration is also reviewed for an abuse of discretion.  <u>In re Bagwell</u>, 741 F. App'x at 758.  An abuse of discretion occurs when a court "misapplies the law or bases its decision on factual findings that are clearly erroneous."  <u>Baker v. Bank of Am., N.A.</u>, 837 F. App'x 754, 757–58 (11th Cir. 2020) (per curiam) (quoting <u>In re Daughtrey</u>, 896 F.3d 1255, 1274 (11th Cir. 2018)).

## III.   Discussion

For the reasons discussed below, the Court finds that the Bankruptcy Court's orders are due to be affirmed.[10]

---

[9]  "Although an unpublished opinion is not binding . . . , it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[10]  On appeal, a debtor abandons arguments "not raised below or raised in a cursory fashion without citation to authority in her opening brief."  <u>In re Sussman</u>, 816 F. App'x 410,

## A.    Claim Order

Haffey argues that the Bankruptcy Court erred by overruling his Objection to Deutsche Bank's proof of claim. See Initial Brief at 41. Haffey asserts that the Claim Order did not address the "jurisdictional meat" of the Objection. Id. According to Haffey, this jurisdictional argument is that Deutsche Bank may not be a creditor properly involved in the bankruptcy action because Deutsche Bank claimed a mortgage on Haffey's Farm but had a questionable chain of title, did not produce the promissory note, and did not allege that Haffey had signed the promissory note. See id. at 41–43. Haffey argues that the Bankruptcy Court grossly misapplied res judicata in finding that Deutsche Bank held the mortgage through a valid assignment. See id. at 43. In its Answer, Deutsche Bank contends that the Bankruptcy Court correctly applied res judicata to find that Deutsche Bank has a valid claim on Haffey's Farm. See Answer at 13–14.

In a bankruptcy case, a creditor "may file a proof of claim." 11 U.S.C. § 501(a). A "creditor" is an "entity that has a claim against the debtor that arose

---

414 n.1 (11th Cir. 2020) (per curiam) ("Debtor's cursory allegations of bias, unsupported by record cites and case authority, are insufficient to preserve the issue for appeal."); see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief."). In accordance with this authority, the Court declines to address many of the perfunctory, unsupported assertions and insinuations found in Haffey's Initial Brief and Reply.

at the time of or before the order for relief concerning the debtor." <u>Id.</u> § 101(10)(A). A "claim" is a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." <u>Id.</u> § 101(5). A mortgage interest in a debtor's real estate is a "'claim' within the terms of § 101(5)" even when the debtor has no personal liability. <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 84 (1991). Here, the Bankruptcy Court did not abuse its discretion in allowing Deutsche Bank's claim because the doctrine of <u>res judicata</u> establishes that Deutsche Bank holds a valid mortgage on Haffey's Farm.

The doctrine of <u>res judicata</u> bars the litigation of claims that were raised or could have been raised in an earlier proceeding. <u>See</u> <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999). The Eleventh Circuit Court of Appeals has explained that <u>res judicata</u> is a judicially created doctrine, the purpose of which is to provide finality and conserve judicial resources. <u>See</u> <u>In re Atlanta Retail, Inc.</u>, 456 F.3d 1277, 1284 (11th Cir. 2006).[11] For <u>res judicata</u> to apply, four elements must be present:

> (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

---

[11] A federal court must apply federal law to determine the preclusive effect of a prior federal action or judgment. <u>Taylor v. Sturgell</u>, 553 U.S. 880, 891 (2008).

Ragsdale, 193 F.3d at 1238.

All of the requirements of res judicata are satisfied here. Courts of competent jurisdiction, the United States Court of Appeals for the Sixth Circuit and the District Court for the Eastern District of Kentucky, rendered final judgments on the merits in favor of Deutsche Bank. See GMAC Mortg., LLC v. McKeever, 651 F. App'x 332, 341–44 (6th Cir. 2016); Deutsche Bank Tr. Co. Ams. v. Haffey, No. CV 09-362-DLB, 2019 WL 3936438, at *3 (E.D. Ky. Aug. 20, 2019) ("The Court has already found Deutsche Bank to be the current holder of the note and 'that Deutsche Bank is entitled to foreclose on the [Haffeys'] property.'" (alteration in original)); see also Haffey v. Deutsche Bank Tr. Co. Ams. (In re Haffey), Adv. No. 14-5044, 2015 Bankr. LEXIS 317, at *5–10 (Bankr. E.D. Ky. Feb. 2, 2015) (discussing Haffey's cases in the Eastern District of Kentucky). These cases involved identical parties: Haffey, McKeever, Deutsche Bank, and companies in privity with Deutsche Bank. See GMAC Mortg., 651 F. App'x at 333 n.1; Deutsche Bank, 2019 WL 3936438, at *1. With regard to the fourth and final element of res judicata—whether the same cause of action is involved in the current and prior lawsuit(s)—the Eleventh Circuit has explained that "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990);

see also Ragsdale, 193 F.3d at 1239.  That test is met because Haffey's Objection here and the litigation in Kentucky arise from the same nucleus of operative facts concerning Deutsche Bank's mortgage on the Farm.  See GMAC Mortg., 651 F. App'x at 333–34; Deutsche Bank, 2019 WL 3936438, at *1.  Therefore, the judgments rendered by the Eastern District of Kentucky establish the validity of Deutsche Bank's mortgage.  Because Deutsche Bank holds a mortgage interest in the Farm, the Bankruptcy Court correctly concluded that Deutsche Bank is a creditor with a proper proof of claim.  See 11 U.S.C. §§ 101(5), (10), 501(a).

Regarding the Motion to Reconsider the Claim Order, Haffey argues that his motion asked the Bankruptcy Court to acknowledge that it agreed with Haffey's Objection that Deutsche Bank only had a claim against the Farm, not a claim against Haffey personally.  See Initial Brief at 42–43.  In his Objection, Haffey asked the Bankruptcy Court to deny the "unsecured Proof of Claim" as an "unjust and improper claim."  Objection at 2.  But no unsecured proof of claim existed; Deutsche Bank's proof of claim identified the entire claim as secured.  See id. at 4–6.  The Bankruptcy Court found the secured claim to be proper.  See Claim Order at 4.  Thus, the Bankruptcy Court did not agree with Haffey, and the Motion to Reconsider the Claim Order raised no appropriate grounds for reconsideration.  Accordingly, the Bankruptcy Court's Claim Order and its Order Denying Reconsideration of the Claim Order are due to be affirmed.

**B.      Relief Order**

Haffey represents that there are several reasons to reverse the Relief Order.  Having reviewed the arguments, the record, and the applicable law, the Court finds that the Relief Order should be affirmed.[12]

**1.      Sufficient Notice**

Haffey raises several arguments concerning the negative notice found on the Relief Motion.  First, Haffey argues that the Bankruptcy Court violated its own local rules by ruling on negative notice without a hearing against a pro se debtor.  See Initial Brief at 32.  Next, Haffey asserts that granting the Relief Motion without holding a hearing violated the Due Process Clause of the United States Constitution.  See id. at 33, 37.  Finally, Haffey contends that the Bankruptcy Court erred in finding the Relief Motion to be unopposed.  See id. at 37–39.  In its Answer, Deutsche Bank represents that it properly served the Relief Motion and that Haffey failed to respond before the deadline.  See Answer at 15.  Deutsche Bank argues that the Bankruptcy Local Rules allowed the use

---

[12] As an initial matter, the Court rejects Haffey's assertion that the Bankruptcy Court did not have jurisdiction to enter its Relief Order because Deutsche Bank did not have standing to file the Relief Motion.  See Initial Brief at 29–30.  Haffey argues that Deutsche Bank did not have standing to file the Relief Motion because of Haffey's Objection to the proof of claim.  See id.  Under § 362(d) of the Bankruptcy Code, a party in interest may move for relief from the automatic stay imposed in a bankruptcy case.  See 11 U.S.C. § 362(d).  Parties in interest include creditors.  Id. § 1109(b); see also Baker, 837 F. App'x at 759 (noting that parties in interest include creditors and loan servicers in cases involving the serviced loans).  As discussed in the previous section of this Order, Deutsche Bank is a creditor.  Therefore, Deutsche Bank is a party in interest and had standing to move for relief from the automatic stay.

of negative notice in this situation.  See id.  Deutsche Bank further asserts that, even if a hearing had occurred, the Bankruptcy Court would have made the same ruling.  See id. at 15–17.

Haffey's first argument is unavailing because using negative notice did not violate the Bankruptcy Local Rules.  Bankruptcy Local Rule 2002-4 states that motions posted on the Negative Notice List on the Bankruptcy Court's website may be served using the negative notice procedure.  See Bankruptcy Local Rule 2002-4(a).  The Negative Notice List on the website includes a "Motion for Relief from Stay as to the Debtor" on the list of motions that may be heard on negative notice in Chapter 12 cases.  See Negative Notice List, U.S. Bankr. Ct., Middle Dist. of Fla. 4 (last revised June 28, 2021), http://www.flmb.uscourts.gov/negativenotice/list.pdf?rnd=1.  Even if a motion for relief from stay were not on that list, the Bankruptcy Judge could still have considered the Relief Motion because, "[i]f permitted by the presiding judge, other motions, objections, and other matters may be considered by the Court using the negative notice procedure."  Bankruptcy Local Rule 2002-4(a). Therefore, the Bankruptcy Local Rules permitted the use of negative notice.[13]

---

[13]  Haffey devotes a great deal of briefing to explaining the local rules of other bankruptcy courts.  See Initial Brief at 34–37.  However, the Bankruptcy Court here was not bound by the local rules of other courts.  Cf. Stone, 371 F.3d at 1310 ("[A] district court would not be bound to follow any other district court's determination . . . .").

Next, Haffey asserts that relying on negative notice without holding a hearing denied due process. Due process requires "that deprivation of life, liberty or property by adjudication be preceded by notice and <u>opportunity</u> for hearing appropriate to the nature of the case." <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 313 (1950) (emphasis added). Here, the negative notice on the Relief Motion plainly stated that Haffey had an opportunity for a hearing if he requested one within 21 days. <u>See</u> Relief Motion at 1. Haffey did not respond within 21 days. Consequently, the Bankruptcy Court correctly found that Haffey had not timely requested a hearing.[14] <u>See</u> Relief Order at 1. Haffey has presented no authority, and this Court has found none, for his argument that due process requires an actual hearing under these circumstances. Thus, the Court finds that the Relief Order did not violate due process.

The fact that Haffey was proceeding <u>pro se</u> does not change the result. The Eleventh Circuit "has repeatedly noted the special care with which <u>pro se</u> litigants must be treated and noted that such litigants 'occupy a position significantly different from that occupied by litigants represented by counsel.'" <u>Johnson v. Pullman, Inc.</u>, 845 F.2d 911, 914 (11th Cir. 1988) (quoting <u>Moore v.</u>

---

[14] When the Relief Order was entered, the Bankruptcy Court had no reason to believe that Haffey had not received notice. Therefore, the Relief Order was certainly correct based on the record upon which it was made. Haffey's assertion that he did not receive notice at all is appropriately considered as a basis for a motion for reconsideration. <u>See</u> <u>In re Bagwell</u>, 741 F. App'x 755, 760 (11th Cir. 2018) (per curiam). Accordingly, whether Haffey received service of the Relief Motion will be considered below in Section III.B.3 of this Order, which discusses the Motion to Reconsider the Relief Order.

<u>Florida</u>, 703 F.2d 516, 520 (11th Cir. 1983)).  "However, both the Supreme Court and [the Eleventh Circuit] have concluded that a [party's] <u>pro</u> <u>se</u> status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."  <u>Nelson v. Barden</u>, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (citing <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)); <u>see also</u> <u>United States v. Locke</u>, 471 U.S. 84, 101 (1985) ("Filing deadlines . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.");  <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded <u>pro</u> <u>se</u> litigants, we nevertheless have required them to conform to procedural rules."); <u>In re McDonald</u>, No. 04-08585-8W3, 2004 WL 2931371, at *2 (Bankr. M.D. Fla. Oct. 22, 2004) ("While the Debtor is <u>pro</u> <u>se</u>, and may not fully understand the rules or procedures, this <u>pro</u> <u>se</u> status does not excuse compliance with the Rules." (citing authority)); <u>In re Mayhew</u>, No. 90-60141, 1994 WL 16006014, at *2 (Bankr. S.D. Ga. June 24, 1994) ("Debtors proceeding <u>pro</u> <u>se</u> are bound to follow the Federal Rules of Bankruptcy Procedure just as any other party represented by counsel appearing in the Bankruptcy Court.").  The notice on the Relief Motion and the corresponding Bankruptcy Local Rule set a deadline for Haffey to respond.  <u>See</u> Relief Motion at 1.  Even though Haffey was proceeding <u>pro</u> <u>se</u>, he was required to conform to that deadline.  Under these circumstances, that requirement does

not offend due process.  The Bankruptcy Court did not err by ruling on the Relief Motion after it was served with negative notice.

### 2.      Merits of Granting Relief

Haffey argues that granting the Relief Motion was an abuse of discretion. See Initial Brief at 39–40.  He suggests that his previous lawsuits were "outside the Bankruptcy," rendering relief from the stay inappropriate in this case.  See id. at 40.  As noted, when a bankruptcy petition is filed, § 362(a) of the Bankruptcy Code requires that most other litigation against the debtor be stayed.  See 11 U.S.C. § 362(a).  However, the statute also provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . (B) multiple bankruptcy filings affecting such real property.

Id. § 362(d)(4).  An order entered pursuant to paragraph (4) can be binding in any other bankruptcy case filed within two years of the date that the order was entered.  Id. § 362(d).  The Eleventh Circuit applied § 362(d)(4) in Baker.  See 837 F. App'x at 763–64.  There, the bankruptcy court granted a loan servicer relief from the automatic stay after finding "a failure for over ten years by this debtor to make payments on account of this mortgage loan," multiple bankruptcy filings that appeared not to be filed in good faith, and a consequent

delay in the creditor's ability to proceed with a foreclosure sale.  Id. at 763.
Based on these findings, the Eleventh Circuit held that the bankruptcy court's
order was not an abuse of discretion.  See id. at 763–64.

Here, considering Haffey's history, this Court finds that the Bankruptcy
Court did not abuse its discretion.  Deutsche Bank initiated a foreclosure action
against the Farm on November 12, 2009, in the District Court for the Eastern
District of Kentucky.  See Deutsche Bank, 2019 WL 3936438, at *1.  On January
23, 2012, that court granted summary judgment in favor of Deutsche Bank.  See
id.  While the foreclosure action was ongoing in federal court, Haffey filed an
action in state court to quiet title to the Farm.  See GMAC Mortg., LLC v.
McKeever, No. CIV.A. 11-188-JBC, 2012 WL 683165, at *1 (E.D. Ky. Mar. 2,
2012); Haffey, 2015 Bankr. LEXIS 317, at *7–8.  On March 2, 2012, after the
quiet title action was removed to federal court, the district court granted
Deutsche Bank judgment on the pleadings.  See GMAC Mortg., 2012 WL
683165, at *1; see also Haffey, 2015 Bankr. LEXIS 317, at *8–10 (discussing
three additional unsuccessful lawsuits that Haffey filed to challenge the
mortgage's validity).

Meanwhile, in the foreclosure case, Deutsche Bank moved for an order of
sale.  See Deutsche Bank, 2019 WL 3936438, at *2.  However, before the district
court resolved that motion, Haffey filed for bankruptcy, requiring the
foreclosure case to be stayed.  See id.  As relevant here, Haffey initiated two

bankruptcy actions in the Bankruptcy Court for the Eastern District of Kentucky.  In the first action, Haffey petitioned for bankruptcy under Chapter 12.  See In re Haffey, No. 14-50824, 2015 WL 3546975, at *1, *6 (Bankr. E.D. Ky. June 5, 2015), aff'd, 576 B.R. 540 (B.A.P. 6th Cir. 2017).  The bankruptcy court dismissed this case for multiple reasons, including "a clear record of unreasonable and prejudicial delay" by Haffey.  Id. at *1.  The second action was an adversary proceeding against Deutsche Bank to determine the validity of Deutsche Bank's lien on the Farm.  See Haffey, 2015 Bankr. LEXIS 317, at *1–2.  This bankruptcy court dismissed the adversary proceeding on the basis of res judicata.  See id. at *12, *20.

After the conclusion of the bankruptcy cases, on June 28, 2017, the district court in Kentucky re-opened the foreclosure action.  See Deutsche Bank, 2019 WL 3936438, at *2.  On August 20, 2019, the court in that case entered a judgment with an order of sale for the Farm.  See id. at *3–4. Shortly thereafter, on September 30, 2019, Haffey filed this bankruptcy case in the Middle District of Florida.  See Petition at 6.

Based on this history, the Bankruptcy Court found that "a scheme to delay, hinder and/or defraud [Deutsche Bank] has transpired."  Relief Order at 1.  That finding is fully supported by the record.  Haffey demonstrated a pattern of using different courts and different legal proceedings to delay the foreclosure sale of the Farm.  Because this scheme involved multiple bankruptcy filings, §

362(d)(4) authorized relief from the automatic stay.  <u>See</u> <u>Baker</u>, 837 F. App'x at 763–64.  Therefore, the Bankruptcy Court's Relief Order is due to be affirmed.

> **3.**     **Order Denying Reconsideration of the Relief Order**

Haffey maintains that the Court must reverse the Order Denying Reconsideration of the Relief Order because the order is "completely devoid of any analysis, findings of fact, or conclusions of law."  <u>See</u> Initial Brief at 38 n.13.  However, the Bankruptcy Judge stated in his Order Denying Reconsideration of the Relief Order that the court had considered the arguments and positions "as stated on the record of the hearing."  Order Denying Reconsideration of the Relief Order at 2.  Haffey has not provided this Court with a transcript of that hearing.  The Federal Rules of Bankruptcy Procedure (Bankruptcy Rule(s)) and the Eleventh Circuit recognize that "[t]he person bringing the appeal has the burden of ensuring the record provides all the evidence he relies on in his claims."  <u>In re Bagwell</u>, 741 F. App'x at 758–59; <u>see</u> Bankruptcy Rule 8009(b)(1). Specifically, "[w]hen an appellant's claim turns on what happened at a hearing, the appellant must provide a transcript of the hearing if it is available."  <u>In re Bagwell</u>, 741 F. App'x at 758–59; <u>see</u> Bankruptcy Rule 8009(b)(5).  When a transcript cannot be obtained, "the appellant must prepare a statement 'of the evidence or proceedings from the best available means, including the appellant's recollection.'"  <u>In re Bagwell</u>, 741 F. App'x at 758 (quoting  Fed. R. App. P. 10(b)(2)–(c)); <u>see</u> Bankruptcy Rule 8009(c).  Even appellants proceeding

pro se "bear this responsibility." In re Bagwell, 741 F. App'x at 758–59. Because Haffey did not provide this Court with a transcript of the hearing or any indication of what occurred, Haffey is responsible for the Court's inability to meaningfully review the Bankruptcy Court's order.

This failure to provide a transcript also prevents the Court from knowing whether the Bankruptcy Court made a finding about Haffey's receipt of the Relief Motion. It is true that "lack of service may be a basis for reconsideration." Id. at 760. However, "[u]nder Bankruptcy Rule 7004, service upon the debtor can be completed by mailing a copy to the debtor at the address shown in the bankruptcy petition." In re Farris, 365 F. App'x 198, 199 (11th Cir. 2010) (per curiam). Upon mailing, service is complete. Id. In the In re Farris case, the Eleventh Circuit presumed receipt of service when a proper certificate of service represented that the filing was mailed to the debtor at the address provided in his bankruptcy petition. See id. at 200. The court noted that, while this presumption is rebuttable, the "mere denial of receipt, without more, is insufficient to rebut the presumption." Id.

Here, the record reflects that the Relief Motion included a certificate of service representing that Deutsche Bank's counsel mailed the motion to Haffey at the address used in his Petition. See Relief Motion at 6; Petition at 2. As a result, receipt of service is presumed. See In re Farris, 365 F. App'x at 200. To overcome the presumption of service, Haffey needed to provide the Bankruptcy

Court with more than a mere denial of receipt.  See id.  Without the transcript of the hearing, this Court cannot assess whether Haffey met his burden. Moreover, Haffey's failure to provide this Court with a transcript of the relevant hearing is by itself "grounds for affirmance."  In re Sussman, 816 F. App'x 410, 416 (11th Cir. 2020); see In re Kunsman, 752 F. App'x 938, 940–41 (11th Cir. 2018) (per curiam); Bunyan v. Remick, No. 8:18-cv-1519-T-36, 2019 WL 4805428, at *3 (M.D. Fla. Oct. 1, 2019); Tobkin v. Calderin, No. BR 19-22004-CIV, 2019 WL 8989938, at *2 (S.D. Fla. Dec. 10, 2019).  Therefore, the Court will affirm the Order Denying Reconsideration of the Relief Order.

## IV.  Conclusion

Having reviewed the record, the parties' arguments, and the law, the Court finds that the orders of the Bankruptcy Court are due to be affirmed.  The Bankruptcy Court did not abuse its discretion in permitting Deutsche Bank's proof of claim, in granting Deutsche Bank relief from the automatic stay, or in denying Haffey's motions for reconsideration.[15]  Accordingly, it is

---

[15]  Because the Court resolves the merits of the appeal in this Order, the Court finds that Appellant's Motion for a Stay or Injunction Pending Appeal in Regard to the Appealed Order Granting Prospective Relief from the Automatic Stay (Doc. 23 in Case No. 5:21-cv-324) is due to be denied as moot.  Similarly, Appellant's Motion to Strike (Doc. 16) and Appellant's Motion to Strike Doc. #17 and for Sanctions for the Re-Filing of Appellee's Late Response Objecting to Appellant's Unopposed Motion for Stay Pending Appeal (Doc. 19; Second Motion to Strike) are also due to be denied as moot.  To the extent that the Second Motion to Strike seeks sanctions, that request will be denied.  Haffey cited no authority supporting a conclusion that Deutsche Bank's counsel should be sanctioned.  Haffey mentioned Rule 11 of the Federal Rules of Civil Procedure (Rule(s)), but his request fails under that rule's requirements.  See Second Motion to Strike at 2, 8, 9 n.4.  Rule 11 requires that a motion for sanctions be filed separately from any other motion.  Rule 11(c)(2).  Haffey combined his motion for sanctions

**ORDERED:**

1.      Deutsche Bank's Motion for Extension of Time to File Responsive Brief (Doc. 21) is **DENIED as moot**.

2.      Deutsche Bank's Motion to Supplement (Doc. 22) is **DENIED as moot**.

3.      Haffey's Motion for Extension of Time to File Reply Brief (Doc. 26) is **GRANTED**.

4.      The Order Overruling Debtor's Amended Objection to Claim 3 (Doc. 3-2) is **AFFIRMED**.

5.      The Order Denying Debtor's Motion to Reconsider Order Overruling Debtor's Amended Objection to Claim 3 Dated May 5, 2021 (Doc. 3-53) is **AFFIRMED**.

6.      The Order Granting Prospective Relief from the Automatic Stay (Doc. 3-46) is **AFFIRMED**.

7.      The Order Denying Debtor's Motion to Reconsider Under Rule 59 and Rule 60 the Court's Order Granting Prospective Relief from the Automatic Stay Doc. #154 Filed 4/19/21 (Doc. 3-54) is **AFFIRMED**.

---

with a motion to strike.  <u>See generally</u> Second Motion to Strike.  Therefore, the request for sanctions will be denied.

8.      Appellant's Motion for a Stay or Injunction Pending Appeal in Regard to the Appealed Order Granting Prospective Relief from the Automatic Stay (Doc. 23 in Case No. 5:21-cv-324) is **DENIED as moot**.

9.      Appellant's Motion to Strike (Doc. 16) is **DENIED as moot**.

10.      Appellant's Motion to Strike Doc. #17 and for Sanctions for the Re-Filing of Appellee's Late Response Objecting to Appellant's Unopposed Motion for Stay Pending Appeal (Doc. 19) is **DENIED as moot**.  To the extent that the motion seeks sanctions, it is **DENIED**.

11.      The Clerk of the Court is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 30, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

The Honorable Jacob A. Brown, United States Bankruptcy Judge
Counsel of Record
Pro Se Parties